OPINION
Defendant-appellant Robert Lee Norris appeals from the July 7, 2000, Judgment Entry of the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 12, 1992, the Stark County Grand Jury indicted appellant on two counts of rape in violation of R.C. 2907.02, aggravated felonies of the first degree, and one count of kidnapping in violation of R.C.2905.01, an aggravated felony of the second degree. All of the counts in the indictment contained specifications that appellant had previously been convicted of or pled guilty to Aggravated Kidnapping, Sexual Intercourse Without Consent, 2 Cts., and Sexual Intercourse Without Consent, pursuant to Revised Code 2941.142. Counts one and two of the indictment (kidnapping and rape) involved a different victim than the rape charge contained in count three. At his arraignment, appellant entered a plea of not guilty to the charges contained in the indictment.
Because there were different victims involved, counts one and two were bifurcated from count three and tried separately. Thereafter, a jury trial on the charges contained in counts one and two commenced on July 20, 1993. On July 26, 1993, the jury returned with a verdict finding appellant guilty of both rape, as contained in count two, and kidnapping, as contained in count one. A jury trial on the charge of rape as contained in count three of the indictment commenced on August 31, 1993. The jury, on September 3, 1993, returned with a guilty verdict.
Subsequently, following a hearing held on September 9, 1993, the trial court found appellant guilty of all three specifications. Thereafter, as memorialized in a Journal Entry filed on September 10, 1993, the trial court sentenced appellant to an indeterminate term of incarceration of fifteen (15) to twenty-five (25) years on each of the three counts. The trial court further ordered that the minimum term of fifteen years "shall be served as actual incarceration." The three sentences were to be served consecutively with each other. Appellant also was ordered to pay a fine of $10,000.00 with respect to each of the three counts. In short, appellant was sentenced to an aggregate prison sentence of 45-75 years and fined $30,000.00.
Thereafter, a Nunc Pro Tunc Judgment Entry was filed on January 4, 1994. The January 4, 1994, entry was issued to order the Stark County Sheriff to calculate appellant's jail time credit. However, the trial court, in its January 4, 1994, Judgment Entry only sentenced appellant with respect to the charge of kidnapping.
Appellant filed a timely appeal of his conviction and sentence with this Court. Pursuant to an Opinion filed on February 21, 1995, in Case No. CA-9436, the judgment of the trial court was affirmed.
Thereafter, on or about July 17, 1995, appellant filed a habeas petition pursuant to 28 U.S.C. § 2254 seeking to overturn his state court rape and kidnapping convictions. After the United States District Court for the Northern District of Ohio denied appellant's petition, appellant filed an appeal with the United States Court of Appeals, Sixth Circuit.
A second Nunc Pro Tunc Judgment Entry to correct the omissions contained in the first Nunc Pro Tunc Judgment Entry was filed by the trial court on October 13, 1995. The trial court, in such entry, sentenced appellant to 15-25 years imprisonment for each of the three counts, to be served consecutively, and imposed a $10,000.00 fine with respect to the kidnapping charge and a $20,000.00 fine as to each of the two counts of rape. Appellant, on November 6, 1995, filed a "Notice of Intent to Object to Entry of Sentencing "Nunc Pro Tunc" As of August 30, 1995, Filed in This Matter on October 13, 1995."
Thereafter, appellant, on December 2, 1996, filed a Motion to Vacate Sentence and Discharge Defendant. Appellant's motion was assigned Stark County Common Pleas Case No. 1996-MI-00104.
Pursuant to an Opinion filed on May 26, 1998, the United States Court of Appeals, Sixth Circuit, affirmed the judgment of the United States District Court denying appellant's petition for a writ of habeas corpus. However, in its May 26, 1998, Opinion, the court indicated that it "agree[d] with appellant that the sudden increase in fines from $30,000 in September of 1993 to $50,000 by August of 1995 needs to be explained since a `nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide." See Norris v. Schotten (1998),146 F.3d 314, 333. For such reason, the trial court filed a third Nunc Pro Tunc Judgment Entry on July 9, 1998, clarifying that appellant was to pay an aggregate of $30,000.00 in fines. Appellant, on July 21, 1998, filed a "Notice of Non-Stipulation and Objection to an Apparent Additional Nunc Pro Tunc-Resentencing Entry Dated "July 9, 1998.'"
Thereafter, appellant, on July 21, 1998, filed a motion to strike appellee's [July 14, 1998] response to appellant's December 2, 1996, petition for post-conviction relief and a "Supplement Objection to Respondent's July 14, 1998, Response to Petition for Post-Conviction Relief." The trial court, pursuant to a Judgment Entry filed on August 7, 1998, denied appellant's July 21, 1998, "Objection to an Apparent Additional Nunc Pro Tunc Resentencing Entry," holding that "the entry in this matter was filed to correct prior defects in the prior entries and does not in any way affect any of the defendant's fundamental rights." Appellant's appeal from the trial court's August 7, 1998, Judgment Entry was dismissed by this Court since it was not a judgment from which an appeal would lie.
On May 15, 2000, appellant filed a notice stating his intention to file a post-conviction relief petition. Subsequently, on July 6, 2000, appellant filed a Motion to Vacate or Set Aside Sentence, requesting an evidentiary hearing. After such motion was denied by the trial court without reason pursuant to a Judgment Entry filed the next day, appellant, on July 17, 2000, filed a motion requesting that the trial court state its findings of fact and conclusions of law in support of its denial of appellant's July 6, 2000, petition for post-conviction relief. A similar request was filed by appellant three days later. However, the trial court, as memorialized in a Judgment Entry filed on July 24, 2000, denied appellant's motion for findings of fact and conclusions of law.
It is from the trial court's July 7, 2000, Judgment Entry that appellant now prosecutes his appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED DUE PROCESS WHEN IT DENIED APPELLANT'S (PRO SE) POST CONVICTION RELIEF MOTION "WITHOUT A HEARING," AND WITHOUT ISSUANCE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW AS REQUESTED.
 ASSIGNMENT OF ERROR II
 WHETHER A [NUNC PRO TUNC RESENTENCING ORDER] CAN BE USED TO SUPPLY OMITTED ACTION, AND, TO OVERCOME "A RES JUDICATA CONSEQUENCE" WHERE A PREVIOUS NUNC PRO TUNC RESENTENCING ORDER HAD DISMISSED "TWO OF THE THREE COUNTS'" IN WHICH APPELLANT HAD BEEN CONVICTED.
 ASSIGNMENT OF ERROR III WHETHER REMARKS OF THE PROSECUTOR, WHICH WERE PREDICATED ON FACTS OUTSIDE THE EVIDENCE, AND TESTIMONY OF ["A KEY STATE WITNESS"] AS TO AN OPINION ON GUILT WHICH WAS PREDICATED ON EVIDENCE THAT DID NOT EXIST, CONSTITUTES PROSECUTORIAL MISCONDUCT REQUIR[ING] "REVERSAL OF CONVICTION".
 I
Appellant, in his first assignment of error, argues that the trial court erred in denying appellant's July 6, 2000, petition for post-conviction relief without granting appellant a hearing and without issuing findings of fact and conclusions of law.
R.C. 2953.21 governs petitions for post-conviction relief. Such section provides, in part, as follows: "(G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." A trial court, however, does not have any duty to issue findings of fact and conclusions of law in an order denying a successive petition for post-conviction relief. State ex rel. Carroll v. Corrigan (1999)84 Ohio St.3d 529.
In the case sub judice, appellant filed a Motion to Vacate Sentence and Discharge Defendant on December 2, 1996. Such motion was filed under Stark County Court of Common Pleas Case No. 1996-MI-00104. Since such motion raises constitutional claims concerning the validity of appellant's conviction and sentence, it must be considered as a petition for post-conviction relief. See State v. Reynolds (1997), 79 Ohio St.3d 158. A response to appellant's motion was filed by appellee on July 14, 1998.
Appellant filed his first petition for post-conviction relief on December 2, 1996. Appellee indicates the trial court dismissed the petition on November 18, 1999. The November 1999 entry is not the subject of this appeal, and we have no jurisdiction to review the entry to determine if it complied with R.C.2953.21. Our review here may only focus on the July 7, 2000 entry.
Because the July 6, 2000, petition was not his first petition, the trial court had no duty to file findings of fact and conclusions of law,Carroll, supra.
The first assignment of error is overruled.
 II III
The issues raised here have been raised or could have been raised at trial or on direct appeal. These issues are not properly raised in collateral proceedings such as post-conviction relief proceedings. These issues are res judicata.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
Gwin, P.J. and Wise, J. concur. Edwards, J., dissents.